UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONTEZ HANDY, | ) |
|     Petitioner, | ) ) ) |
| v. | ) )   Case No. 4:23-cv-1097-SRC |
| UNITED STATES, | ) ) ) |
|     Respondent. | ) ) |

**<u>Memorandum and Order</u>**

This matter is before the Court on the United States's [3] Motion to Dismiss and self-represented Petitioner Dontez Handy's [5] Response to the Court's order to show cause, doc. 4, as to why the Court should not dismiss this action as time barred. For the reasons discussed below, the Court concludes 28 U.S.C. § 2255 times bar this case and grants the United States's motion to dismiss.

**I.  Background**

Handy, a self-represented litigant, is currently incarcerated at Forrest City Medium Federal Correctional Institution in Forrest City, Arkansas. On November 17, 2016, he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Guilty Plea Agreement, *United States v. Handy*, No. 4:16-cr-00328-SRC (E.D. Mo. Nov. 17, 2016), Doc. 35. On February 15, 2017, the Court[1] sentenced Handy to a term of 36 months imprisonment and three years supervised release. After his release from the Bureau of Prisons, the Court[2] revoked his term of supervised release on June 8, 2022, and sentenced him to 18 months of imprisonment running

---

[1] The Honorable Carol E. Jackson, United States District Judge.
[2] The undersigned Chief United States District Judge.

consecutively to the sentence imposed in *United States v. Handy*, No. 4:20-cr-00294-SRC (E.D. Mo. June 8, 2022).  Handy did not appeal his conviction.

On August 22, 2023, Handy filed the instant 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.  According to the stamped envelope containing Handy's 28 U.S.C. § 2255 motion, this is the date on which Handy placed the motion into his prison's filing system.  Doc. 1-1.  The prison mailbox rule deems a § 2255 motion timely filed when an inmate deposits it in the prison mail system before the expiration of the filing deadline.  *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

In his motion, Handy argues that the Court should vacate his conviction and sentence because 18 U.S.C. § 922(g)(1) violates his Second Amendment rights.  To support this proposition, Handy relied on a recently decided Supreme Court case, *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

The United States filed a motion to dismiss the case.  Doc. 3.  The United States asserts that the applicable statute of limitations time bars Handy's motion because he filed it one-year after the date his judgment of conviction became final.  And, even if *Bruen* created a newly recognized right, the Supreme Court issued its opinion on June 23, 2022.  Handy did not file his motion until August 22, 2023, more than a year after *Bruen* was published.

On October 11, 2023, the Court reviewed Handy's motion to vacate, doc. 1, and the United States's motion to dismiss, doc. 4.  The Court agreed with the United States and found the motion to vacate untimely under the relevant provisions of § 2255(f).  Consequently, the Court ordered Handy to show cause as to why it should not dismiss this action as time barred.

In response, Handy filed an eleven-page document titled, "Omnibus Reply to Government's Response and Supplement Memorandum Relating Back to 'Operative Facts.'" Doc. 5. Handy argues the Court should apply *Bruen* because, even though the Eighth Circuit determined that the statute he was convicted under is constitutional, "there have been statements made by several of the circuit judges that lend to the plausibility than an *en banc* ruling in this circuit might well yield to a different result." Doc. 5 at 2. Handy further asserts that his untimeliness should be excused because he is factually innocent "given the unconstitutional nature of the application of" 18 U.S.C. § 922(g)(1). *Id.* at 11.

## II. Standard

Section 2255 subjects motions to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *See Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

3

### III. Discussion

The Court has carefully reviewed the United States's motion to dismiss and Handy's response to the show cause order. The Court finds Handy's motion to vacate is untimely and that the United States's motion to dismiss should be granted.

Handy admits the one-year limitations period in § 2255(f)(1) renders the instant motion to vacate untimely. *See* doc. 1 at 7–8. The Court revoked Handy's term of supervised release and sentenced him on June 8, 2022. From that point, he had fourteen days to file an appeal, which he did not do. That fourteen-day deadline expired on June 22, 2022, and his judgment became final. Under § 2255(f)(1), Handy had one year from June 22, 2022, to timely file his § 2255 motion. That period ended on June 22, 2023. Handy did not file his motion to vacate until August 22, 2023, which is sixty-one (61) days past the one-year statute of limitations deadline.

Meanwhile, the one-year limitations period under § 2255(f)(3)—which Handy suggests *Bruen* implicates—expired before the filing of the instant motion. The Supreme Court issued its opinion on June 23, 2022. Handy did not file his motion until August 22, 2023, more than a year after *Bruen* was published.

Further, *Bruen* does not apply to the instant matter because the Eighth Circuit concluded that the felon-in-possession statute is constitutional, and there is "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *See United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023), *petition for reh'g and reh'g en banc denied*, No. 22-2870, 2023 WL 5605618 (8th Cir. Aug. 30, 2023); *see also United States v. Voelz*, 66 F.4th 1155, 1164 (8th Cir. 2023). The court discussed how nothing within *Bruen* or other relevant Supreme Court precedents discussing an individual right to keep and bear arms should be taken to cast doubt on longstanding

4

prohibitions on the possession of firearms by felons. *Jackson*, 69 F.4th at 501–02. Thus, not only is Handy's motion to vacate untimely under *Bruen*, but following *Bruen*, the Eighth Circuit upheld the felon-in-possession as constitutional. Despite Handy's arguments otherwise, he is not factually innocent because the statute under which he was convicted does not violate the Second Amendment.

IV.    Conclusion

As explained above, the Court must dismiss Handy's § 2255 motion for untimeliness. Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts; *Day v. McDonough*, 547 U.S. 198, 210 (2006). Accordingly, the Court grants the United States's [3] Motion to Dismiss with prejudice. The Court denies Handy's [1] motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence as time barred and with prejudice. The Court also orders that it will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253. A separate Order of Dismissal accompanies this Memorandum and Order.

So ordered this 6th day of December 2023.

_SL R. CR_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

5